UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. AMMAR MEKARI,                    *        CASE NO. 2:23-cv-5362
KINGMAN HOLDINGS, LLC, and           *
MEKARI LASER DENTISTRY, LLC          *
 *Plaintiffs*        *
            *
VERSUS                               *        JUDGE:
            *
ACCESS RESTORATION SERVICES,         *        MAGISTRATE:
US, INC., GLOBAL ESTIMATING          *
SERVICES, INC. and ARS / GLOBAL      *
EMERGENCY MANAGEMENT, INC.           *
 *Defendants*       *
            *

*******************************************************************************

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTIVE RELIEF, PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Dr. Ammar Mekari, Kingman Holdings, LLC, and Mekari Laser Dentistry, LLC who file the enclosed complaints and requests for a Temporary Restraining Order, a Preliminary Injunction, Permanent Injunctive Relief, Complaint for Declaratory Judgment and Damages against Defendants, Access Restoration Services US, Inc., Global Estimating Services, Inc., and ARS / Global Emergency Management, Inc. for the following reasons contained herein. The facts more specifically set forth below are based upon personal knowledge of Plaintiffs and upon information and belief.

### PARTIES, JURISDICTION, AND VENUE FACTS

1.  Made Plaintiff herein is AMMAR MEKARI ("MEKARI") (hereinafter at times collectively referred to as "Plaintiffs" with Kingman Holdings, LLC and Mekari Laser Dentistry, LLC) at all times material herein: a natural person domiciled in Orleans Parish, Louisiana, who is the sole member/manager of Kingman Holdings, LLC who owned the Property that is subject to the dispute at issue herein.

2.     Made Plaintiff herein is KINGMAN HOLDINGS, LLC ("KINGMAN") (hereinafter at times collectively referred to as "Plaintiffs" with Plaintiffs, Dr. Ammar Mekari and Mekari Laser Dentistry, LLC) at all times material herein: a juridical entity domiciled in Jefferson Parish, Louisiana, who owned the Property located at 4500 York St., Metairie, Louisiana 70006. The sole member of KINGMAN is Plaintiff, Ammar Mekari who is a citizen and domiciliary of the State of Louisiana.

3.     Made Plaintiff herein is MEKARI LASER DENTISTRY, LLC ("MEKARI DENTISTRY") (hereinafter at times collectively referred to as "Plaintiffs" with Kingman Holdings, LLC and Ammar Mekari), at all times material herein: a juridical entity domiciled in Jefferson Parish, Louisiana. The sole member of MEKARI DENTISTRY is Plaintiff, Ammar Mekari who is a citizen and domiciliary of the State of Louisiana.

4.     Made Defendant herein is ACCESS RESTORATION SERVICES US, INC. ("ARS" or "Defendant"). ARS is a domestic corporation organized under the laws of the State of Delaware. However, upon information and belief, ARS has and operates its principal place of business in the State of Texas. Therefore, ARS is a citizen and domiciliary of the States of Delaware and Texas.

5.     Made Defendant herein is GLOBAL ESTIMATING SERVICES, INC. ("GES"), a business entity formed in the State of Delaware with its principal place of business in the State of Texas. Therefore, GES is a domiciliary and citizen of the States of Delaware and Texas.

6.     Made Defendant herein is ARS / GLOBAL EMERGENCY MANAGEMENT, INC. ("ARS/GLOBAL"), a business entity formed in the State of Delaware with its principal place of business in the State of Texas. Therefore, ARS / GLOBAL is a domiciliary and citizen of the States of Delaware and Texas.

7.      Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional threshold of $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 139l(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in this District; each Plaintiff resides in this District; and the contract which is the basis of the dispute was executed in this District.

## **BACKGROUND FACTS**

9.      At all times relevant herein, Plaintiff, KINGMAN HOLDINGS, LLC, owned the following property ("Property") and contents therein located at: 4500 York Street, Metairie, Louisiana, 70001.

10.     Plaintiff, MEKARI, is the sole owner and member/manager or member/member of KINGMAN.

11.     At all times relevant hereto, Blackboard Insurance Company provided a policy of insurance, bearing Policy Number VBWH587272R5 (the "Policy"), to KINGMAN which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water.

12.     On or about August 29, 2021 KINGMAN suffered damage to its property located at 4500 York St., Metairie, Louisiana 70006 due to the catastrophic wind event of Hurricane Ida which occurred throughout the Greater New Orleans Metropolitan Area.

13.     On or about September 1, 2021, MEKARI entered an attorney-client relationship with McClenny Mosley and Associates ("MMA") in Jefferson, Louisiana for legal representation regarding Hurricane Ida damages sustained on August 29, 2021.

14.     On or about September 11, 2021, Plaintiff, Mekari, entered a contractual relationship with Defendant, ARS, at MMA's advice and counsel. However, unbeknownst to Plaintiff, the contract was misrepresented to Plaintiff and was based in fraud and coercion due to a prior enterprise relationship between MMA and ARS.

15.     On or about September of 2021, ARS leased a 25,000 sq. ft. space at 25657 Commerce Oaks Drive, Conroe, Texas 77385.

16.     On or about January 5, 2022, ARS registered its US corporation, Delaware entity with the Texas Secretary of State as doing business in the state of Texas as a foreign for-profit corporation.

17.     On or about January 24, 2022, GES was created in the state of Delaware. On or about February 7, 2022, GES was registered with the Texas Secretary of State as doing business in the state of Texas as a foreign for-profit corporation.

18.     In 2022, both ARS and GES identify the same two individuals as each company's manager, Guiseppe Gagliano. The addresses for each company are located at ARS's Texas headquarters address of 27657 Commerce Oaks Drive, Conroe, TX 77385. The state registrations of GES and ARS both identify that same address as the business address of both companies.

19.     In or around the year 2022, it appears ARS and GES merged into ARS / GLOBAL presently operates its principal place of business in 27657 Commerce Oaks Drive, Conroe, TX 77385.[1]

20.     Defendants, ARS, GES, and ARS / GLOBAL are individual business corporations which all operate as one entity and share common executive officers and personnel. Further, upon information and belief, ARS, and its subsequent entities, GES and ARS / GLOBAL share the same

---

[1] https://www.arsgem.com/

executive officers, personal, representatives, operating, accounts, assets, liabilities, and physical places of business.

21.     At the advice of counsel and unbeknownst to Plaintiffs, MEKARI, was coerced under fraudulent pretenses and through duress to enter to a contractual relationship with ARS for restoration services and other purported mitigation work to be performed at 4500 York St., Metairie, Louisiana 70006 following Hurricane Ida.

22.     Plaintiffs allege both ARS and/or GES utilized certain fraudulent methodologies to inflate mitigation estimates intended to be presented to insurance companies at the direction and in concert with MMA unbeknownst to insureds. Upon information and belief, ARS, GES, ARS / GLOBAL, Michael Needham, and/or Nathan Normoyle instructed its field inspectors to document non-covered, unrelated property damage, and to also leave the scope of damage sheets vague as alleged in conjunction with *C. Butler, et al v. Access Restoration Services US, Inc. et al.,* 4:23-cv-01936 presently pending in the Southern District of Texas.

23.     Upon information and belief, ARS Director of Field Operations and Defendant, Michael Needham was directing GES management along with ARS management and field operations following Hurricane Ida. Upon information and belief, Michael Needham, authored the overly inflates scope of mitigation work on Plaintiff's behalf which was submitted to Blackboard Insurance Company in and around September of 2021 through July of 2022.

24.     Director of ARS / GLOBAL's domestic operation executive, Nathan Normoyle, also working in conjunction with ARS and MMA did fraudulently induce Plaintiff, MEKARI and MEKARI DENTISTRY, to enter a contract with Defendant, ARS, through Defendants collective enterprise operation with MMA with the intent of defrauding Blackboard Insurance Company unbeknownst to Plaintiffs.

25.     Furthermore, an unbeknownst to Plaintiffs, ARS and MMA were working as an enterprise as ARS had previously invested $3,000,000.00 in the law firm of MMA as part of a kickback scheme to recruit insureds they could submit overly inflated invoicing to for Hurricane Ida mitigation work.

26.     On or about February 17, 2023, Jim Donelon, insurance commissioner for the State of Louisiana, issued a cease-and-desist letter to MMA because they firm "engaged in insurance fraud and unfair trade practices through an illegal scheme."

27.     Furthermore, on May 2, 2023, Jim Donelon, insurance commissioner for the State of Louisiana, issued a fine in the amount of $2,000,000 against MMA and a $500,000 fine to each of their partners in Louisiana for among other things, fraud, and the negotiation of policyholders' checks or settlement either without representing the insureds or having the authority to do so.

28.     On or about May of 2023, MMA was estopped from the practice of law in the Western District of Louisiana. Shortly thereafter, MMA was also estopped from the practice of law in the Eastern District of Louisiana.

29.     Finally, in an August 22, 2023 Order from the Western District of Louisiana (Rec. Doc. 37) in Cause No. 3:23-mc-00062, Judge Cain stated, "[b]ecause of MMA's abrogation of their duty and responsibility toward these Louisiana residents, the Court finds that MMA is not entitled to any attorney fees, costs, and/or expenses either pending in this Court or in the list here attached as Exhibit "A. MMA's clear solicitation of client voids any contract of representation. In addition, their continued unethical behavior including but limited to the mishandling of client trust funds, failure to deposit client funds into a properly registered IOLTA trust account in the State of Louisiana, and MMA's clear abrogation of their representation of alleged clients by sending out emails and text messages of this District Court to their alleged Louisiana Clients and instructing them to contact this Court for status updates on their cases, nullifies any ownership, fee interest,

and/or property insurers of MMA, its attorney or any related entity or third party. This Court further rules that MMA, its attorney or any related party have no property or ownership interest in the checks or finds identified in Exhibit A. This includes any claims made under state or federal law.

30.     On or about September 2021 through July of 2022, ARS and ARS contractor, employee, and/or supervisor Michael Needham submitted over scoped, inflated pricing, excessive supervision, and other irregularities in invoicing to Blackboard Insurance Company for purported mitigation work to take place at 4500 York St., Metairie, Louisiana, 70006. Upon information and belief, MMA and ARS, prior to their submission to Blackboard Insurance Company on or around September 2021 through July of 2022, did hereby collude and confer as an enterprise regarding their anticipated future submissions of the fraudulent invoices. MMA's directive to Plaintiffs to contract with ARS was nothing more than a fraudulent kickback scheme which violated public policy, state law, federal law, and was simply intended to reimburse ARS for the $3,000,000.00 capital investment into MMA's marketing scheme in the State of Louisiana following Hurricane Ida.

31.     On or about April 21, 2023 ARS filed a Complaint in the District Court for Harris County, Texas Cause No. 2023-25422 / Court: 270 seeking to recoup its $3,000,000 investment to MMA.[2]

32.     On or about April of 2023, ARS instituted arbitration proceedings against MEKARI LASER alleging monies owed in the amount of $348,000.00 exclusive of interests, costs, and attorneys' fees.[3] ARS seeks over $500,000.00 from Plaintiff in arbitration for purported mitigation work which was never completed. The $500,000.00 figure includes the alleged principal amount of the contract, which was fraudulently generated, interest, costs, and attorney's fees.

---

[2] *See* Exhibit "A" ARS' action against MMA dated April 21, 2023 filed in the District Court for Harris County, Texas Cause No. 2023-25422 / Court: 270.
[3] *See* Exhibit "B" ARS' Statement of Claim filed in AAA Case No. 01-23-0001-5920.

## Cause of Action One: RESCISSION OF CONTRACT

33.     Plaintiffs reallege and reaffirm all background facts and allegations.

34.     Upon information and belief, Defendant, ARS, did deposit $3,000,000 with MMA to establish and/or participate in an enterprise for the acquisition and retainer of Hurricane Ida insureds as clients throughout southeast Louisiana.[4]

35.     Upon information and belief, Defendants knowingly established the enterprise with MMA similarly as to how MMA had established an enterprise with Apex Roofing utilizing aggressive and unethical marketing techniques through an entity named Velawcity.

36.     Upon information and belief, Defendants sent communications to MMA which MMA overtly represented to MMA a kickback of certain commercial and residential clientele, Hurricane Ida victims and insureds, for their $3,000,000.00 investment into the enterprise for a return on investment of over 500%.

37.     Upon information and belief, Defendants, working in an enterprise with MMA, did knowingly and intentionally attempt to defraud and swindle Blackboard Insurance Company on or about September of 2021 through October of 2021.

38.     Plaintiff, MEKARI, entered a contract with Defendant, ARS, and the sole direction, advice, and under false pretenses of MMA.

39.     Plaintiffs were unaware of the enterprise which existed between ARS and MMA when entering into contracts with MMA and ARS.

40.     Judge Cain of the United States District Court for the Western District of Louisiana has vitiated client contracts by federal order, including third-party contracts, between MMA and their insureds when clients were coerced or fraudulently induced to enter such contracts. Judge Cain

---

[4] *See* Exhibit A.

has further vitiated contracts between insureds and MMA's third-party contractors ruling that the third-party contractors are not entitled to settlement proceeds.[5]

41.     Plaintiff's contract with Defendants is vitiated due to fraud, duress, misrepresentation, and the violations against public policy.[6]

42.     Plaintiff's contract with ARS was entered into with Defendant, ARS, through false pretenses, misrepresentations, and fraud at the direction of MMA.

43.     Plaintiff was unaware and had no knowledge of MMA and ARS' intent to overly inflate and defraud Blackboard Insurance Company.

44.     Upon information and belief, Defendant, ARS did violate 18 U.S.C. § 1341 et. seq., mail fraud and/or wire fraud, by transmitting and or sending through interstate commerce their fraudulent invoice and purported scope of mitigation work to Blackboard Insurance Company on or about September of 2021 through October of 2021 as an enterprise with MMA.

45.     Hurricane Ida was a natural disaster as declared by section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C 5122.[7]

46.     Plaintiff's contract with ARS is vitiated on the grounds of consent and fraud and should be rescinded and declared an absolute nullity by this Honorable Court. Further, Defendants are liable to Plaintiff for damages in the form of damages and attorney's fees, La. C.C. art. 1958.

### Cause of Action 2: TEMPORARY RESTRAINING ORDER

47.     Plaintiffs reallege and reaffirm all background facts and allegations.

48.     Federal Rule of Civil Procedure 65 permits this Honorable Court to issue a temporary restraining order without written or oral notice to the adverse party if:

---

[5] *See* Exhibit "C", Judge Cain's Order in Cause No. 3:23-mc-00062 enclosed herein.
[6] Louisiana law prohibits the sharing of lawyer's fees with other non-lawyers. Upon information and belief, MMA promised ARS a share of attorney fees earned as repayment through their enterprise for the $3,000,000.00 ARS investment into MMA for the procurement of clients.
[7] 86 FR 57195

a. Specific facts in an affidavit clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

b. The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

49.   Movant is willing and able to post security.

50.   Plaintiff, MEKARI, hereby swears and affirms in the enclosed affidavit that immediate and irreparable harm is being perpetrated against Plaintiffs in AAA Case No. 01-23-0001-5920 as a scheduling order is in place and dates have passed in such scheduling order causing immediate and irreparable harm to Plaintiffs.[8] Further, Plaintiff is accruing costs in arbitration which are an unnecessary expense as the underlying contract entered into between Plaintiff and Defendant is an absolute nullity due to fraud, misrepresentations, and violations of public policy.

51.   Plaintiffs have met the requirements of Federal Rule of Civil Procedure 65 and are entitled to a temporary restraining order against Defendant as irreparable harm will necessitate in Defendant's action of AAA Case No. 01-23-0001-5920 against Plaintiffs in the form of a monetary costs and/or a possible judgment which could be enforced by a state of federal court through the Federal Arbitration Act.

<u>**Cause of Action Three: PRELIMINARY INJUNCTIVE RELIEF and/or PERMANENT INJUNCTIVE RELIEF**</u>

52.   Plaintiffs' allegations and background facts are hereby reaffirmed and realleged.

53.   Federal Rule of Civil Procedure 65 allows this Honorable Court to issue a preliminary injunction on notice to an adverse party.

54.   For a Court to grant a preliminary injunction, a plaintiff must show The four elements a plaintiff must establish to secure a preliminary injunction are: (1) a substantial likelihood of

---

[8] *See* Exhibit "D" Affidavit of Dr. Ammar Mekari.

success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.[9]

55.     Based upon the enclosed facts, Plaintiff will suffer irreparable harm if the injunctive relief is not granted. The irreparable harm is Plaintiff will be subject to judgment in the AAA based on a contract which does not exist or is an absolute nullity.

56.     Plaintiffs have a substantial likelihood of success on the merits based on the conduct and actions of the enterprise between MMA and ARS.

57.     Here, the granting of injunctive relief will not harm ARS.

58.     Finally, and invariably, the public interest in this action favors such relief. The public interest will be served by estopping ARS and MMA from further perpetrating their fraudulent activities against Louisiana commercial entities and other Louisiana residents through their enterprise.

59.     Plaintiffs are entitled to a temporary restraining order and preliminary injunctive relief against Defendant as irreparable harm will necessitate in Defendant's action of AAA Case No. 01-23-0001-5920 against Plaintiffs in the form of costs and a monetary judgment which could be enforced by a state of federal court.

## Cause of Action 4: DECLARATORY JUDGMENT

60.     Plaintiffs' allegations and background facts are hereby reaffirmed and realleged.

61.     Plaintiffs purported contract with ARS is an absolute nullity due to fraud, duress, and the violation of the public order, La. C.C. Art. 2030, 2031, 2032, and 2033.

---

[9] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

62.     An absolutely null contract, or relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. La. C.C. Art. 2030, 2031, 2032, and 2033.

63.     Further, Plaintiffs contract with ARS stems from and was a by-product from Plaintiffs contract of representation with MMA; therefore, since Plaintiffs contract with MMA is an absolute nullity, then Plaintiffs contract with ARS is as if it never existed. Again, Judge Cain of the United States District Court for the Western District of Louisiana has vitiated client contracts by federal order, including third-party contracts, between MMA and their insureds when clients were coerced or fraudulently induced to enter into such contracts. Judge Cain has further vitiated contracts between insureds and MMA's third-party contractors ruling that the third-party contractors are not entitled to settlement proceeds.[10]

64.     MMA and ARS violated Texas state law and Louisiana state law with their funding scheme to further their enterprise in violation of public adjusters being paid percentages on insurance claims. ARS initially funded MMA's marketing scheme with a capital investment of $3,000,000.00 through their own admission in District Court of Harris County, Texas, Cause No. 2023-25422 / Court: 270.

65.     MMA's scheme with ARS exited as an enterprise wherein ARS provided $3,000,000.00 in investment capital to the law firm of MMA for MMA to procure clients and refer those clients back to ARS for the perpetuation of fraud.

66.     Further evidence of ARS and MMA's enterprising scheme exists as former contractors of  ARS allege in 4:23-cv-01936 presently pending in the United States District Court for the

---

[10] *See* Exhibit C.

Southern District of Texas that the contractors were directed by ARS to overly inflate mitigation costs for insureds and submit same to insurance companies.

67.     Again, at the time Plaintiff entered into its contract with ARS, Plaintiffs were unaware its attorneys, MMA, had taken a capital investment of $3,000,000.00 from ARS for the procurement of insureds and of MMA clients.

68.     Further, at the time Plaintiffs entered into the contact with ARS, Plaintiffs were unaware of the fraudulent scheme ARS and MMA had concocted to overly inflate mitigation costs and submit the fraudulent invoices to insurers.

69.     Finally, by order of the Western District of Louisiana, Plaintiffs contract with MMA has been declared an absolute nullity. Therefore, Plaintiffs contract with ARS which was necessitated by Plaintiffs contract with MMA is an absolute nullity.

70.     ARS diminished Plaintiffs' cause of action or insurance claim against Blackboard Insurance Company through ARS' enterprise engagement with MMA with the intent to defraud insureds and insurers. Therefore, Plaintiffs have suffered damages which exceed $75,000.00 due to Defendants' fraudulent enterprising activities.

## **DAMAGES**

71.     Plaintiffs' allegations and background facts are hereby reaffirmed and realleged.

72.     Plaintiffs have suffered damages as a result of ARS's actions in its dealings with Plaintiff's insurer, Blackboard Insurance Company.

73.     Plaintiffs' damages exceed the sum of $75,000, exclusive of interest and costs, as ARS has committed fraud while the part of an enterprise, severely affected and diminished Plaintiff's claim for insurance proceeds with Blackboard Insurance Company and Defendants are responsible for attorney's fees.

## PRAYER

**WHEREFORE**, Plaintiffs pray for a temporary restraining order enjoining Defendant's proceeding in AAA Case No. 01-23-0001-5920 as the proceedings are causing irreparable harm to Plaintiffs. Further, Plaintiffs pray for a preliminary injunctive order from this Honorable Court enjoining Defendant from proceeding in AAA Case No. 01-23-0001-5920 as Plaintiffs contract with Defendant is an absolute nullity predicated in fraud through an enterprise with MMA. Finally, Plaintiff prays for permanent injunctive relief estopping Defendant from proceeding in this action in AAA Case No. 01-23-0001-5920 as any and all contract with either MMA or ARS is an absolute nullity. Furthermore, Plaintiffs pray for declaratory judgment nullifying Plaintiffs contract with Defendant, Access Restoration Services US, Inc., declaring the contractual relationship between the parties to never have existed due to fraud, duress, and/or the violations of public policy within the document. Plaintiffs also pray for damages and attorney's fees due to the harm caused by Defendant and any and all other equitable relief this Honorable Court deems just, together with legal interest and costs.

Respectfully submitted,

***IRPINO, AVIN & HAWKINS LAW FIRM***

_____
**ANTHONY D. IRPINO (#24727)**
**J. REED POOLE, JR. (#34034)**
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
Email: airpino@irpinolaw.com
            rpoole@irpinolaw.com

**CITATIONS ISSUED TO:**

**ACCESS RESTORATION SERVICES US, INC.**
*Through its Registered Agent for Service:*
Andrews Meyers, PC
1885 St. James Place, 15th Floor
Houston, Texas 77056

**GLOBAL ESTIMATING SERVICES, INC.**
*Through its principal place of business, State of Texas:*
27657 Commerce Oaks Drive,
Conroe, Texas 77385

**ARS / GLOBAL EMERGENCY MANAGEMENT, INC.**
*Through its principal place of business, State of Texas:*
27657 Commerce Oaks Drive,
Conroe, Texas 77385