**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DR. AMMAR MEKARI, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5362** |
| **ACCESS RESTORATION US, INC., ET AL.** | **SECTION "B"(2)** |

**ORDER AND REASONS**

Before the Court is a Motion for Temporary Restraining Order (Rec. Doc. 4) filed by Plaintiffs Dr. Ammar Mekari ("Dr. Mekari"), Kingman Holdings, LLC ("Kingman"), and Mekari Laser Dentistry, LLC, ("Mekari Dentistry") (collectively, "Plaintiffs"). Defendants Access Restoration Services, US, Inc. ("ARS"), Global Services, Inc. ("GES"), and ARS/Global Emergency Management, Inc. (collectively, "Defendants"), have filed an Opposition (Rec. Doc. 10), and Plaintiffs have filed a Reply in Support (Rec. Doc. 14).

For the following reasons, the Motion for Temporary Restraining Order is **DENIED**.

**BACKGROUND**

Plaintiff Dr. Mekari[1] and Defendant ARS entered into a contract (the "Contract")[2] for the purpose of having Defendant ARS

---

[1] Plaintiff Dr. Mekari is the sole member of Plaintiffs Kingman and Mekari Dentistry, both juridical entities. Rec. Doc. 15 at 2. Plaintiff Kingman owns the Metairie Property, *id*. at 3, and upon information and belief, the Metairie Property is Plaintiff Mekari Dentistry's principal place of business, *see* Rec. Doc. 4-4 at 1.

[2] The Contract was executed on September 11, 2021. *See Rec*. Doc. 4-4 at 7-20; Rec. Doc. 10-1. Plaintiff Dr. Mekari is the signatory; however, it is unclear

1

perform restoration services on Plaintiffs' property located in Metairie, Louisiana (the "Metairie Property"),[3] after it was damaged by Hurricane Ida. *See* Rec. Doc. 4-4 at 7-20; Rec. Doc. 10-1. The Contract contains a "DISPUTE RESOLUTION" clause providing that Plaintiff Dr. Mekari[4] and Defendant ARS "agree to and consent that any controversy or claim arising out of, or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association, under the Construction Industry Arbitration Rules." Rec. Doc. 4-4 at 8; Rec. Doc. 10-1 at 2.

After Defendant ARS completed the restoration work on the Metairie Property, a dispute arose regarding an unpaid invoice related to Defendant ARS's restoration work.[5] In response to this dispute and in accordance with the dispute resolution clause outlined in the Contract, Defendant ARS initiated an arbitration proceeding through the American Arbitration Association against Plaintiffs Dr. Mekari and Mekari Dentistry for breach of the

---

whether Plaintiff Dr. Mekari signed individually and on behalf of both Plaintiffs Kingsman and Mekari Dentistry, or individually and on behalf of only Plaintiff Kingsman or only Plaintiff Mekari Dentistry.

[3] The Metairie Property's precise address is 4500 York Street Metairie, LA 70001.

[4] *See supra* notes 1-2.

[5] Approximately a month after the Contract was executed, Defendant ARS completed the restoration work on the Metairie Property and sent Plaintiffs Dr. Mekari and Mekari Dentistry an invoice for Defendant ARS' services, labor, and materials; the principal amount on the invoice is $347,563.29. This invoice is still outstanding.

Contract, seeking to recover the outstanding invoice. Rec. Doc. 10 at 2-3 n.8 (citing Rec. Doc. 4-4). This arbitration proceeding is currently on-going; a scheduling order has been issued,[6] the discovery deadline has passed,[7] and a final arbitration hearing is set for November 9, 2023. *See* Rec. Doc. 10-2.

In the present Motion, Plaintiffs Dr. Mekari, Kingsman, and Mekari Dentistry are seeking a temporary restraining order to enjoin enforcement of the dispute resolution clause in the Contract. In simpler terms, Plaintiffs are requesting this Court to halt the on-going arbitration proceeding. The basis for this request stems from Plaintiffs' assertion that the Contract, which contains the dispute resolution clause, is absolutely null due to fraud. To fully grasp Plaintiffs' position, it is necessary to recount the events leading up to the execution of the Contract between Plaintiff Dr. Mekari and Defendant ARS.

Following the landfall of Hurricane Ida in Louisiana and the subsequent damage to the Metairie Property, Plaintiffs retained the services of the law firm McClenny, Moseley, and Associates ("MMA") to represent them in their insurance claim against the Metairie Property's insurer. Rec. Doc. 4-1 at 1-2. MMA advised that Plaintiffs enter into the Contract with Defendant ARS. *Id*. at

---

[6] Plaintiff Dr. Mekari, individually and on behalf of Plaintiff Mekari Dentistry, participated in the arbitration's preliminary hearing. Rec. Doc. 10-2 at 1.

[7] All discovery was to be completed by September 15, 2023. *Id*. at 2. Plaintiffs Dr. Mekari and Mekari Dentistry have not participated in discovery in the arbitration proceeding.

3

2. It later came to light that MMA and Defendant ARS had an existing contractual arrangement. After Hurricane Ida, MMA and Defendant ARS entered into a financing and investment agreement. See Rec. Doc. 4-3 at 2. Under this agreement, Defendant ARS committed to providing MMA with a loan of $3,000,000.00 to fund litigation that MMA was pursuing on behalf of its clients in claims against their respective insurers related to Hurricane Ida damage. *Id*. In return for Defendant ARS's $3,000,000.00 investment, as Plaintiffs tell it, MMA "would kickback clients/insureds to [Defendant] ARS." Rec. Doc. 4-1 at 2.  Consequently, Plaintiffs argue that the Contract, "was based in fraud as Plaintiff [Dr. Mekari] was forced, coerced, and misled as to the true nature of the [C]ontract and the prior illegal relationship between MMA" and Defendant ARS. *Id*. As a result, Plaintiffs contend that the Contract is absolutely null and thus, never legally existed. And if the Contract containing the dispute resolution clause never existed, Plaintiffs pose the question: "then how or why is [it] relevant what the American Arbitration Association has to say?" Rec. Doc. 14 at 2.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65 and Fifth Circuit authority, a temporary restraining order is available only where the mover proves **all four** of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial

4

threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *See, e.g.*, *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (first citing *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974); and then citing *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985)).

## LAW AND ANALYSIS

The Court first considers whether Plaintiffs have carried the burden of showing element two - a substantial threat of irreparable injury. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) (first citing *Spiegel v. City of Houston*, 636 F.2d 997 (5th Cir. 1981); and then citing *Parker v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975)).

Plaintiffs assert they are suffering irreparable injury by "accruing costs in arbitration which are an unnecessary expense" where the Contract is an absolute nullity. Rec. Doc. 4-1 at 3. In response, Defendants argue that Plaintiffs' admission that their irreparable injury is expenses they will incur in the arbitration proceeding is "fatal" to their Motion. Rec. Doc. 10 at 5. We agree.

5

Defendants cite *City of Meridian, Miss. V. Algernon Blair*, Inc., where the Fifth Circuit stated that the "expense of inappropriate arbitration" does "not constitute irreparable harm." Rec. Doc. 10 at 4 (citing *City of Meridian, Miss. V. Algernon Blair*, Inc.,721 F.2d 525, 529 (5th Cir. 1983)). Plaintiffs aver that *City of Meridian* is distinguishable because in that case, there was a genuine contract dispute regarding the scope of the work; whereas in this case, Plaintiffs argue the contract does not exist whatsoever because it is absolutely null due to fraud. Rec. Doc. 14 at 2. The argued distinction, however, does not make a material difference in the reasoning and result.

Plaintiffs' argument does not change the principle that an injury which can be undone through monetary remedies is not "irreparable." Additionally, Plaintiffs' argument that the Contract is absolutely null due to fraud is a defense to Defendant ARS's breach of contract claim in the arbitration proceeding. Plaintiffs have provided no reason why this defense cannot be raised before the American Arbitration Association. Nor has this Court found one. This Court has, however, found evidence that Plaintiffs would have an opportunity to present its defense to the arbitrator,[8] "and to the courts if there was an unfavorable

---

[8] For instance, under the American Arbitration Association's Construction Industry Arbitration Rules-which govern the parties' arbitration proceeding- "[t]he arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the

decision. If a legal challenge proved successful, [Plaintiffs] obviously would not be bound by the finding or conclusions of the arbitrator[,]" *City of Meridian,* 721 F.2d at 529.

The Court finds that Plaintiffs have not made a showing of irreparable injury sufficient to merit issuance of the "extraordinary" and "rarely issued" relief of a temporary restraining order. *Treen v. Brown*, No. 10-3359, 2010 WL 4027714, at *1 (E.D. La. Oct. 13, 2010). Thus, it is unnecessary to consider the other factors for issuance of a temporary restraining order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order (Rec. Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' *ex parte* Motion for Leave to File Opposition to Plaintiffs' Motion for Temporary Restraining Order (Rec. Doc. 6) is **DISMISSED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reassign the Submission Date for its Motion for Preliminary Injunction (Rec. Doc. 9) in the above-captioned matter is **DISMISSED as MOOT**.

New Orleans, Louisiana this 13th day of October, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

contract." AAA Constr. Indus. Arb. Rules and Mediation Proc. Rule 9(b) (2015), https://www.adr.org/Rules.